UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | CR419-204 |
| ) | |
| ADERIAUNA CRYSTAL SHORTER, ) | |
| and KEVIN CHELSEA, ) | |
| ) | |
| Defendants. ) | |

# ORDER

Defendants Aderiauna Shorter and Kevin Chelsea are each charged with one count of conspiracy to possess with intent to distribute and to distribute a controlled substance (cocaine and Fentanyl), in violation of 21 U.S.C. § 846, Shorter is also charged with one count of money laundering conspiracy, in violation of 18 U.S.C. § 1956(h). Doc. 3 (Indictment). Defendant Chelsea filed a number of discovery-related motions, *see* docs. 86-91, but has since stated that most were resolved, *see* doc. 118. However, before those motions were withdrawn, Defendant Shorter moved to join them. Doc. 97. She has indicated that she wishes to pursue several those motions. *See* doc. 116-1.

Defendant Shorter's motion to join Defendant Chelsea's motions is **GRANTED**. Doc. 97. Accordingly, the Clerk is **DIRECTED** to reopen

those motions (docs. 87, 88, 89, 90, 91, 96) for disposition as to Defendant Shorter.  Since the disposition of Shorter's request for additional preemptory challenges depends upon whether Defendant Chelsea's motion to sever is granted by the District Judge, *see* doc. 96, that motion will be decided by the District Judge.

Both defendants indicate that they wish to pursue the motion filed by Defendant Chelsea captioned "Defendant's Motion Reserving His Right to File Additional Motions."  Doc. 95; *see also* doc. 107 (joining doc. 95); doc. 116-1 (requesting argument on doc. 95 on behalf of Defendant Shorter); doc. 118 (requesting argument on doc. 95 on behalf of Defendant Chelsea).  Despite those requests, the motion is improper and no further argument is necessary.

The Court discourages such "placeholder" motions, because it is the Court's place to determine the merit of any request to file pretrial motions out-of-time.  The Court, however, will not grant a defendant an open-ended extension of time for such motions.  Instead, if the need for a motion arises outside of the scheduling order's deadline, counsel should bring the matter to the Court's attention.  Upon a showing of good cause—*i.e.*, that the motion could not have been timely filed even with due diligence—the

Court will then allow the movant to file a motion outside of the previously set deadlines.

In future, the Court discourages counsel from filing further *pro forma* motions "reserving the right" to file additional pretrial motions. Burdening the record and the Court's time with such unnecessary motions is a wasteful exercise that profits the defendant nothing. The motion is, therefore, **DENIED** as to both Defendant Chelsea and Defendant Shorter. Doc. 95. Defendant Chelsea's motion to sever, doc. 92, remains pending before the District Judge, as does Defendant Shorter's motion for additional preemptory challenges, doc. 95. A hearing on Defendant Shorter's sealed motions, docs. 110 & 111, and the remaining motions she has joined will be set by a separate notice.

**SO ORDERED**, this 6th day of August, 2020.

*/s/ Christopher L. Ray*
Christopher L. Ray
United States Magistrate Judge
Southern District of Georgia